Alaina M. Stedillie (Wyoming Bar No. 6-4327)
astedillie@crowleyfleck.com
CROWLEY | FLECK
111 W 2nd St. #220
Casper, WY 82601
Telephone: (307) 265-2279
Facsimile: (307) 265-2307

Brian N. Platt (*pro hac vice forthcoming*)
bplatt@wnlaw.com
Collin D. Hansen (*pro hac vice forthcoming*)
chansen@wnlaw.com
WORKMAN NYDEGGER
60 East South Temple Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

*Counsel for Plaintiff Axcess Global Sciences, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| AXCESS GLOBAL SCIENCES, LLC, ) <br><br> Plaintiff, ) <br><br> vs. ) <br><br> VITALUX, INC. *dba* VITALENA *dba* <br> GREATNESSFROMTHEUS *dba* <br> SMARTORIGINS and <br> VITALITYGLOW, INC. *dba* <br> MAXIBEARS *dba* NS RAMINA ) <br><br> Defendant. ) | Civil No:_____ |

## COMPLAINT FOR PATENT INFRINGMENT AND FALSE ADVERTISING AND JURY DEMAND

Plaintiff Axcess Global Sciences, LLC ("AGS" or "Plaintiff") complains and alleges the following against Defendants VitaLux, Inc. *dba* Vitalena *dba* GreatNessFromTheUs *dba* SmartOrigins ("Vitalena") and VitalityGlow, Inc. *dba* Maxibears *dba* NS Ramina ("Maxibears") (collectively, "Defendants").

## THE PARTIES

1.      Plaintiff AGS is a Utah limited liability company with a principal place of business at 2157 Lincoln Street, Salt Lake City, UT 84106.

2.      Defendant Vitalena is a Wyoming corporation with a registered address and principal office at 312 W 2nd St PMB 5745, Casper, WY 82601 and a registered agent (Registered Agents, Inc.) at 30 N Gould St, Ste R, Sheridan, WY 82801. In trademark filings for the mark VITALENA NATURE, Vitalena is identified as the sole owner with a listed address at 312 W 2ND St, PMB 5745, Casper, WY 82601.

3.      Defendant Maxibears is a Wyoming corporation with a registered address and principal office at 312 W 2nd St PMB 5747, Casper, WY 82601 and a registered agent (Registered Agents, Inc.) at 30 N Gould St, Ste R, Sheridan, WY 82801.  In trademark filings for the mark MAXIBEARS, Maxibears is identified as the sole owner with a listed address at 312 W 2ND St, PMB 5747, Casper, WY 82601.

4.      Both Defendants were incorporated in the same place, on the same day, by the same registered agent, just one hour removed from each other.  *See* Exs. F, G.  Both Defendants have the same registered street address (312 W 2nd St, Casper, WY 82601).  Both Defendants engage in the same misconduct as alleged herein, for the same types of products, on the same retail platforms.

2

5.      Both Defendants sell products, including products accused herein of being falsely advertised and of infringing AGS's patents, with identical ingredients but different labelling:


Maxibears ACV Gummies


Vitalena ACV Gummies

6.      Physical samples of these products reveal that, despite being marketed under different brands, these products have the same Lot Number (20230702322) and Expiration Date (07/02/2025):



7.     On information and belief, advertisements for Vitalena products, including products accused herein of being falsely advertised and of infringing AGS's patents, are sponsored by Maxibears:



www.instagram.com/p/CusBuLkPJun



www.tiktok.com/@aychemara/video/7258006109468822785



www.instagram.com/p/CtQT3p1sI9q



https://www.instagram.com/p/CusBuLkPJun

8.     For at least the foregoing reasons, on information and belief, Defendants are corporate alter-egos of each other who conspire together to commit the misconduct alleged herein and are, at least for purposes of the misconduct alleged herein, effectively the same entity.

## JURISDICTION

9.     This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331 because all claims arise under the laws of the United States: 35 U.S.C. § 271 and 15 U.S.C. § 1125.

10.     This Court has personal jurisdiction over Defendants, and venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b), at least because Defendants reside in this

District, are incorporated in this District, have a registered agent in this district, have a principal place of business in this District, and have committed a substantial portion of the infringements and other misdeeds giving rise to this action from within this District.

## BACKGROUND

11.     Plaintiff AGS is an innovator in the field of exogenous ketones and ketogenic precursor supplement products.  In particular, AGS has developed a line of products containing novel formulations of the health supplement Beta-Hydroxybutyrate ("BHB").  These products aid the body in producing and sustaining elevated levels of ketone bodies in the blood and assist in the body's transition into nutritional ketosis.

12.     Plaintiff is the owner of U.S. Pat. Nos. 11,241,403 (the "'403 Patent") and 11,020,362 (the "'362 Patent") (collectively, the "Asserted Patents").  *See* Exs. A and B.  The Asserted Patents include claims for unique formulations of Beta-Hydroxybutyrate ("BHB").

13.     Defendants have made, used, advertised, offered for sale, sold, and/or imported various products that infringe the Asserted Patents (collectively, "Accused Products"):



"Vitalena BHB Pills"
Formerly sold under Amazon ASINs: B0B34M4NHC and B0BRY18HDZ

6



"Maxibears BHB Gummies"
Formerly sold under Amazon ASIN: B0C3CG9T6J



"Vitalena BHB Gummies"
Formerly sold under Amazon ASIN: B0BMTMSFF8

14.     The Accused Products infringe at least representative claim 1 of the '403 Patent and representative claim 1 of the '362 Patent.

15.     Plaintiff has suffered harm from Defendants' infringement of the Asserted Patents in the form of lost profits, diverted sales and market share, and the weakening of Plaintiff's public perception and goodwill.

16.     In December 2023, Plaintiff reported Defendants' patent infringement to Amazon via the Amazon Report Infringement feature, after which all the Accused Products were removed by Amazon and each of the Amazon ASINs identified above was disabled on December 12, 2023.

17.     Thereafter, Defendants acquired several new ASINs.   Under one ASIN (B0CH3BWPHT), Defendants are again selling Vitalena BHB Pills with the same infringing formula as the identical product removed by Amazon from two prior ASINs (B0B34M4NHC and B0BRY18HDZ):



www.amazon.com/dp/B0CH3BWPHT

18.     Under two other ASINs, Defendants purportedly replaced the infringing Vitalena BHB Gummies with Vitalena "ACV" Gummies and the infringing Maxibears BHB Gummies with Maxibears "ACV" Gummies ("ACV" is an abbreviation of "Apple Cider Vinegar"):

 

www.amazon.com/gp/product/B0C3CG9T6J/        www.amazon.com/gp/product/B0CN3FS21Z/

19.    According to the ingredients labels advertised by Defendants on Amazon.com, Vitalena "ACV" Gummies do not contain any BHB.  Physical samples of this product purchased from Amazon.com, however, reveal that the Defendants are still selling the infringing Vitalena BHB Gummies from this ASIN with the same labelling and the same infringing BHB formula:

    

20.    Also according to the ingredients labels advertised by Defendants on Amazon.com, Maxibears "ACV" Gummies do not contain any BHB.  Physical samples of this product purchased from Amazon.com, however, reveal that the ingredients label for products purchased from this ASIN include the *exact* same quantities of Calcium, Magnesium, and Sodium—which are the elements used in the infringing BHB salts of the Accused Products—as Vitalena BHB Gummies:

ment 1   Filed 04/19/24   Page 10 of 33




21.     Furthermore, both Vitalena BHB Gummies (advertised as Vitalena "ACV" Gummies) and Maxibears "ACV" Gummies have the same Lot Number (20230702322) and Expiration Date (07/02/2025), indicating that they were manufactured in the same time, place, and manner, and using the same processes and ingredients.  Thus, on information and belief, Maxibears "ACV" Gummies have the same infringing formula as Vitalena BHB Gummies.  In other words, Vitalena BHB Gummies, Vitalena "ACV" Gummies, Maxibears BHB Gummies, and Maxibears "ACV" Gummies (collectively, "Defendants' BHB Gummies"), are the same product sold under different brands and labelling.  Defendants' BHB Gummies are included in the Accused Products.

22.     Defendants also formerly sold a product called Vitalena Nature Extra Strength Keto Gummies ("Vitalena Raspberry Ketone Gummies") under the same ASIN as Vitalena BHB Gummies that contains a substance called "raspberry ketones" as the only active ingredient:




10

"Vitalena Raspberry Ketone Gummies"
Formerly sold under Amazon ASIN: B0BMTMSFF8

23.     Legitimate ketone supplements, like Plaintiff's, are powerful nutritional tools.

Consumers use legitimate ketone supplements to achieve nutritional ketosis which reduces appetite

and helps achieve weight loss.  Professional athletes also use legitimate ketone supplements to

enhance their physical performance.  As described in one prominent academic journal:

> For therapeutic effects, exogenous ketones are ingested in the form of βHB salts or
> ketone esters to produce acute (~0.5 to 6 h) nutritional ketosis, but a surge in
> interest in [ketone bodies] as a performance aid for athletes arose when ketone ester
> supplementation was confirmed in professional cycling. Moreover, a recent report
> provides the first evidence for acute nutritional ketosis achieved by ketone ester
> ingestion to alter the metabolic response to exercise and enhance exercise
> performance.

Evans, M., et al. (2017), *Metabolism of ketone bodies during exercise and training: physiological
basis for exogenous supplementation*. J PHYSIOL, 595: 2857-2871. (Exhibit C.)

24.     Not all ketones, however, achieve these favorable results.  Raspberry ketones in

particular are widely known to have no health benefits and can even be harmful:

> [T]here is currently no evidence that raspberry ketone supplements can cause
> weight loss in humans. These are just a few examples in order to emphasize how
> the huge amount of misleading information [is] distributed and propagated on the
> Internet. False information about different chemical substances can be very
> dangerous. Besides assimilation of incorrect information, one can get to much more
> serious issues, such as treating a disease using ineffective treatments, or even worse,
> very toxic substances.

Serban, B., et al. (2018), *Chemical Compounds in the Online Environment: Quo Vadis?*, J SCI.
AND ARTS, 3:44, 739-752.  (Exhibit D.)

25.     Nevertheless, some companies, like Defendants, still promote raspberry ketones as

having health benefits, especially for weight loss:

Perhaps the greatest threat these deceptive promotions pose is to the consumers' health and property . . . . Hence, people may consume falsely endorsed healthcare products and procedures with the same intentions. Nevertheless, these items will likely be of no benefit or even cause harm. For example, thousands of women around the world who are trying to lose weight are claimed to have been misled by an internet celebrity diet scam . . . to promote the 'Raspberry Ketone Diet.' However, there is currently no evidence that raspberry ketone supplements can cause weight loss in humans.

Mookadam, F., et al. (2019), *Impact of unauthorized celebrity endorsements on cardiovascular healthcare*, FUTURE CARDIOLOGY, 15:6, 387-390.  (Exhibit E.)

26.     Displayed prominently in Defendants' advertising for Vitalena Raspberry Ketone Gummies were false claims that raspberry ketones contribute to weight loss:

- "[R]aspberry ketones are known to cause the f[at] within cells to be broken down more effectively, helping your body reduce it faster. They also help to increase adiponectin levels, which helps regulate metabolism."

- "Raspberry ketones . . . are known for their metabolism-inducing properties, allowing for an effective keto diet when combined with healthy eating habits and physical exercises. Our ketones naturally contain antioxidants that will help to improve your mood, provide pure energy, and have a wide range of positive benefits."

- "[R]raspberry ketones helps to jumpstart your metabolism, supports weight management."

The above statements were formerly used in the product description for  Vitalena Raspberry Ketone Gummies sold under Amazon ASIN: B0BMTMSFF8.

27.     Defendants also engage in a scheme to obtain fake reviews for their products.  For example, after purchasing one of the Accused Products on Amazon.com, Defendants send a post card to the purchaser requesting a review in exchange for a free product sample:



28.     Following the QR Code on the post card initiates a conversation in the phone application Facebook Messenger, with the following Facebook Page:



www.facebook.com/pwnzhealth/

29.     In the Facebook Messenger conversation, the purchaser is presented with the option to receive a $10 Amazon Gift card or a free product sample in exchange for a positive review:



Thank you! Here are the final steps:

1) Please, LEAVE YOUR SELLER FEEDBACK on the Amazon ⭐⭐⭐⭐⭐

2) Send here a SCREENSHOT 🖼 of your feedback

3) Get your REWARD 🎁

30.     Amazon.com has a strict policy against fake reviews: "Any attempt to manipulate reviews, including by directly or indirectly contributing false, misleading or inauthentic content, is strictly prohibited." *See* https://www.amazon.com/gp/help/customer/display.html?nodeId=G8CXDFT9GLRRSV3G.

31.     One specific form of fake reviews that violate Amazon's policies and constitute false advertising are those given in exchange for a free product. *See* https://www.amazon.com/gp/help/customer/display.html?nodeId=T77pxIrSUKtMXsjWEy# (prohibiting "a review in exchange for cash, a free or discounted product"). This prohibited misconduct is precisely the false advertising strategy that Defendants are engaged in.

32.     The FTC has noted that where Amazon reviews "were not truthful reviews by actual purchasers of the product, but instead were fabricated by one or more third parties who were paid to generate reviews," this "constitutes a deceptive act or practice and the making of false advertisements, in or affecting commerce." *FTC v. Cure Encapsulations, Inc*., No. 19-CV-982 (E.D.N.Y. 2019)*,* Complaint, *available at* https://www.ftc.gov/system/files/documents/cases/quality_encapsulations_complaint_2-26-19.pdf, at 10.

33.     Consumer reviews for Defendants' products, including the Accused Products, indicate that other purchasers are receiving and responding to Defendants' requests for reviews:

> How can you promise a free return of my money or a free replacement if I write a review? I write a review and never hear from you folks again? W

www.amazon.com/ask/questions/Tx3KVQE0E57WJDQ/

> My bottle indicates Get your next gummies Free, how does that work?

www.amazon.com/ask/questions/Tx2C76FW4UYKFND/

34.   Plaintiff is a direct competitor of Defendants in the dietary supplements market and specifically for ketone supplements, including in pill and gummy form.

35.   Defendants' false advertising—including Defendants' false ingredient claims, false labelling, false claims of the benefits of raspberry ketones, and false reviews—is made in interstate commerce, at least because it is advertised to consumers across the United States on Amazon.com.

36.   Defendants' false advertising is material because it misrepresents the ingredients found in its products, the benefits of its products, and the quality, reputation, and approval of its products by others.

37.   Defendants' false advertising has the tendency to deceive consumers into believing that Defendants' products have certain ingredients, benefits, quality, and/or approval, which in fact they do not have.  Indeed, actual deception has already occurred, as evidenced by the customer reviews for Defendants' products.

38.   Defendants' false advertising is likely to influence purchasing decisions because consumers look for products with particular ingredients, benefits, and quality, and for products and retailers with good reputations and that have received the approval of other consumers.

39.   Plaintiff has suffered harm from Defendants' false advertising in the form of lost profits, diverted sales and market share, and the weakening of Plaintiff's public perception and

goodwill.

40.     As a result of Defendants' misconduct as alleged herein, Plaintiff's immediate, irreparable injuries have no adequate remedy at law, and Plaintiff is entitled to injunctive relief and up to three times its actual damages and/or an award of Defendants' profits, as well as costs and reasonable attorney fees.

**FIRST CLAIM FOR RELIEF**
**Patent Infringement – '403 Patent**
**35 U.S.C. §§ 1, *et seq.***

41.     Plaintiff incorporates and realleges the allegations of all prior paragraphs as if fully set forth herein.

42.     Plaintiff owns all rights in the '403 Patent.

43.     The '403 is valid, enforceable, and was issued in full compliance of the patent laws of the United States.

44.     Plaintiff and its licensees have marked their products in accordance with 35 U.S.C. § 287(a).

45.     On February 8, 2022, the '403 Patent, titled "Beta-hydroxybutyrate mixed salt compositions and methods of use" was duly and legally issued.   A true and correct copy of the '403 Patent is attached as Exhibit A.

46.     Defendants make, use, offer for sale, sell, import, and/or distribute the Accused Products, which practice the invention of the '403 Patent, without authorization from Plaintiff.

47.     Claim 1 of the '403 Patent is reproduced below:

> 1. A composition for increasing ketone level in a subject, comprising:
> a plurality of beta-hydroxybutyrate salts comprised of:
>
> at least one beta-hydroxybutyrate salt selected from:

16

calcium beta-hydroxybutyrate; and
magnesium beta-hydroxybutyrate; and
at least one other beta-hydroxybutyrate salt selected from:
sodium beta-hydroxybutyrate;
potassium beta-hydroxybutyrate;
calcium beta-hydroxybutyrate;
magnesium beta-hydroxybutyrate; and
amino acid salts of beta-hydroxybutyrate,

wherein the beta-hydroxybutyrate salts comprise at least 20% by total weight of calcium beta-hydroxybutyrate and/or magnesium beta-hydroxybutyrate,

wherein the composition is in solid and/or powder form,

wherein the composition is free of medium chain fatty acids having 6 to 12 carbons and glycerides or other esters thereof.

48.     To the extent that the preamble is limiting, the Accused Products infringe this

element of claim 1 as set forth below:

1. **A composition for increasing ketone level in a subject, comprising:
a plurality of beta-hydroxybutyrate salts comprised of**:

at least one beta-hydroxybutyrate salt selected from:
calcium beta-hydroxybutyrate; and
magnesium beta-hydroxybutyrate; and
at least one other beta-hydroxybutyrate salt selected from:
sodium beta-hydroxybutyrate;
potassium beta-hydroxybutyrate;
calcium beta-hydroxybutyrate;
magnesium beta-hydroxybutyrate; and
amino acid salts of beta-hydroxybutyrate,

wherein the beta-hydroxybutyrate salts comprise at least 20% by total weight of calcium beta-hydroxybutyrate and/or magnesium beta-hydroxybutyrate,

wherein the composition is in solid and/or powder form,

wherein the composition is free of medium chain fatty acids having 6 to 12 carbons and glycerides or other esters thereof.



| Keto Pills with Pure BHB Exogenous Ketones - Effective Keto Pills Made in USA - Advanced Keto Supplement for Ketosis Support : Keto BHB - 60 Capsules | |

Vitalena BHB Pills                    Defendants' BHB Gummies

49.    The Accused Products further meet the limitations of claim 1 as set forth below:

1. A composition for increasing ketone level in a subject, comprising:
a plurality of beta-hydroxybutyrate salts comprised of:

**at least one beta-hydroxybutyrate salt selected from:**
**calcium beta-hydroxybutyrate; and**
**magnesium beta-hydroxybutyrate; and**
**at least one other beta-hydroxybutyrate salt selected from:**
**sodium beta-hydroxybutyrate;**
**potassium beta-hydroxybutyrate;**
**calcium beta-hydroxybutyrate;**
**magnesium beta-hydroxybutyrate; and**
amino acid salts of beta-hydroxybutyrate,

wherein the beta-hydroxybutyrate salts comprise at least 20% by total weight of calcium beta-hydroxybutyrate and/or magnesium beta-hydroxybutyrate,

wherein the composition is in solid and/or powder form,

wherein the composition is free of medium chain fatty acids having 6 to 12 carbons and glycerides or other esters thereof.

18





Vitalena BHB Pills                                   Defendants' BHB Gummies

50.     The Accused Products further meet the limitations of claim 1 as set forth below:

1. A composition for increasing ketone level in a subject, comprising:
a plurality of beta-hydroxybutyrate salts comprised of:

at least one beta-hydroxybutyrate salt selected from:
calcium beta-hydroxybutyrate; and
magnesium beta-hydroxybutyrate; and
at least one other beta-hydroxybutyrate salt selected from:
sodium beta-hydroxybutyrate;
potassium beta-hydroxybutyrate;
calcium beta-hydroxybutyrate;
magnesium beta-hydroxybutyrate; and
amino acid salts of beta-hydroxybutyrate,

**wherein the beta-hydroxybutyrate salts comprise at least 20% by total weight of calcium beta-hydroxybutyrate and/or magnesium beta-hydroxybutyrate,**

wherein the composition is in solid and/or powder form,

wherein the composition is free of medium chain fatty acids having 6 to 12 carbons and glycerides or other esters thereof.

19





Vitalena BHB Pills                                   Defendants' BHB Gummies

51.   The Accused Products further meet the limitations of claim 1 as set forth below:

1. A composition for increasing ketone level in a subject, comprising:
   a plurality of beta-hydroxybutyrate salts comprised of:

   at least one beta-hydroxybutyrate salt selected from:
       calcium beta-hydroxybutyrate; and
       magnesium beta-hydroxybutyrate; and
   at least one other beta-hydroxybutyrate salt selected from:
       sodium beta-hydroxybutyrate;
       potassium beta-hydroxybutyrate;
       calcium beta-hydroxybutyrate;
       magnesium beta-hydroxybutyrate; and
       amino acid salts of beta-hydroxybutyrate,

   wherein the beta-hydroxybutyrate salts comprise at least 20% by total
       weight of calcium beta-hydroxybutyrate and/or magnesium beta-
       hydroxybutyrate,

   **wherein the composition is in solid and/or powder form**,

   wherein the composition is free of medium chain fatty acids having 6 to 12
       carbons and glycerides or other esters thereof.

20





Vitalena BHB Pills                              Defendants' BHB Gummies

Based on the full list of ingredients, Vitalena BHB Pills are sold as an encapsulated powder and Defendants' BHB Gummies are sold as solid gummies.

    52.    The Accused Products further meet the limitations of claim 1 as set forth below:

> 1. A composition for increasing ketone level in a subject, comprising:
>     a plurality of beta-hydroxybutyrate salts comprised of:
>
>     at least one beta-hydroxybutyrate salt selected from:
>         calcium beta-hydroxybutyrate; and
>         magnesium beta-hydroxybutyrate; and
>     at least one other beta-hydroxybutyrate salt selected from:
>         sodium beta-hydroxybutyrate;
>         potassium beta-hydroxybutyrate;
>         calcium beta-hydroxybutyrate;
>         magnesium beta-hydroxybutyrate; and
>         amino acid salts of beta-hydroxybutyrate,
>
> wherein the beta-hydroxybutyrate salts comprise at least 20% by total weight of calcium beta-hydroxybutyrate and/or magnesium beta-hydroxybutyrate,
>
> wherein the composition is in solid and/or powder form,
>
> **wherein the composition is free of medium chain fatty acids having 6 to 12 carbons and glycerides or other esters thereof**.

21





Vitalena BHB Pills                    Defendants' BHB Gummies

53.    Defendants have directly infringed claim 1 of the '403 Patent in the United States by making, using, offering for sale, selling, and/or importing the Accused Products in violation of 35 U.S.C. § 271(a).  As such, Defendants are liable for infringement of the '403 Patent under 35 U.S.C. § 271(a).

54.    Defendants have indirectly infringed the '403 Patent in this District and elsewhere in the United States by inducing others to make, use, offer for sale, and/or sell the Accused Products in violation of 35 U.S.C. § 271(b).

55.    Defendants' infringement of the '403 Patent is knowing and willful and this case is exceptional, at least because Defendants continued to infringe after being notified of their infringement.

56.    Plaintiff has suffered harm as a result of Defendants' infringement of the '403

Patent, including in the form of lost profits, diverted sales and market share, and the weakening of Plaintiff's public perception and goodwill.  Plaintiff is therefore entitled to recover damages sustained as a result of Defendants' wrongful acts in an amount to be proven at trial.

**SECOND CLAIM FOR RELIEF**
**Patent Infringement – '362 Patent**
**35 U.S.C. §§ 1, *et seq.***

57.     Plaintiff incorporates and realleges the allegations of all prior paragraphs as if fully set forth herein.

58.     Plaintiff owns all rights in the '362 Patent.

59.     The '362 Patent is valid, enforceable, and was issued in full compliance of the patent laws of the United States.

60.     Plaintiff and its licensees have marked their products in accordance with 35 U.S.C. § 287(a).

61.     Without license or authorization, Defendants make, use, offer for sale, sell, and/or import the Accused Products containing compounds that infringe the '362 Patent.

62.     On June 1, 2021, the '362 Patent, titled "Beta-hydroxybutyrate mixed salt compositions and methods of use" was duly and legally issued.  A true and correct copy of the '362 Patent is attached as Exhibit B.

63.     Claim 1 of the '403 Patent is reproduced below:

1. A composition for increasing ketone level in a subject, comprising:

at least three beta-hydroxybutyrate salts selected from:
sodium beta-hydroxybutyrate;
potassium beta-hydroxybutyrate;
calcium beta-hydroxybutyrate; and
magnesium beta-hydroxybutyrate;

23

wherein the composition is in solid and/or powder form,

wherein the composition is free of medium chain fatty acids having 6 to 12 carbons and glycerides or other esters thereof.

64.    To the extent that the preamble is limiting, the Accused Products infringe this element of claim 1 as set forth below:

1. **A composition for increasing ketone level in a subject, comprising**:

at least three beta-hydroxybutyrate salts selected from:
sodium beta-hydroxybutyrate;
potassium beta-hydroxybutyrate;
calcium beta-hydroxybutyrate; and
magnesium beta-hydroxybutyrate;

wherein the composition is in solid and/or powder form,

wherein the composition is free of medium chain fatty acids having 6 to 12 carbons and glycerides or other esters thereof.



| Keto Pills with Pure BHB Exogenous Ketones - Effective Keto Pills Made in USA - Advanced Keto Supplement for Ketosis Support  Keto BHB – 60 Capsules | |

Vitalena BHB Pills                    Defendants' BHB Gummies

65.    The Accused Products further meet the limitations of claim 1 as set forth below:

1. A composition for increasing ketone level in a subject, comprising:

**at least three beta-hydroxybutyrate salts selected from:**
**sodium beta-hydroxybutyrate;**
**potassium beta-hydroxybutyrate;**
**calcium beta-hydroxybutyrate; and**
**magnesium beta-hydroxybutyrate;**

wherein the composition is in solid and/or powder form,

wherein the composition is free of medium chain fatty acids having 6 to 12 carbons and glycerides or other esters thereof.

 

Vitalena BHB Pills       Defendants' BHB Gummies

66. The Accused Products further meet the limitations of claim 1 as set forth below:

1. A composition for increasing ketone level in a subject, comprising:

  at least three beta-hydroxybutyrate salts selected from:
  sodium beta-hydroxybutyrate;
  potassium beta-hydroxybutyrate;
  calcium beta-hydroxybutyrate; and
  magnesium beta-hydroxybutyrate;

  **wherein the composition is in solid and/or powder form**,

wherein the composition is free of medium chain fatty acids having 6 to 12
  carbons and glycerides or other esters thereof.





Vitalena BHB Pills                    Defendants' BHB Gummies

Based on the full list of ingredients, Vitalena BHB Pills are sold as an encapsulated powder and Defendants' BHB Gummies are sold as solid gummies.

67.    The Accused Products further meet the limitations of claim 1 as set forth below:

1. A composition for increasing ketone level in a subject, comprising:

at least three beta-hydroxybutyrate salts selected from:
sodium beta-hydroxybutyrate;
potassium beta-hydroxybutyrate;
calcium beta-hydroxybutyrate; and
magnesium beta-hydroxybutyrate;

wherein the composition is in solid and/or powder form,

**wherein the composition is free of medium chain fatty acids having 6 to 12 carbons and glycerides or other esters thereof**.

26





Vitalena BHB Pills                    Defendants' BHB Gummies

68.     Defendants have directly infringed claim 1 of the '362 Patent in the United States by making, using, offering for sale, selling, and/or importing the Accused Products in violation of 35 U.S.C. § 271(a).  As such, Defendants are liable for infringement of the '362 Patent under 35 U.S.C. § 271(a).

69.     Defendants have indirectly infringed the '362 Patent in this District and elsewhere in the United States by inducing others to make, use, offer for sale, and/or sell the Accused Products in violation of 35 U.S.C. § 271(b).

70.     Defendants' infringement of the '362 Patent is knowing and willful and this case is exceptional, at least because Defendants continued to infringe after being notified of their infringement.

71.     Plaintiff has suffered harm as a result of Defendants' infringement of the '362 Patent, including in the form of lost profits, diverted sales and market share, and the weakening of Plaintiff's public perception and goodwill.  Plaintiff is therefore entitled to recover damages

sustained as a result of Defendants' wrongful acts in an amount to be proven at trial.

**THIRD CLAIM FOR RELIEF**
**False Advertising and Unfair Competition**
**False Ingredients Advertising**
**15 U.S.C. § 1125(a)**

72.     Plaintiff incorporates and realleges the allegations of all prior paragraphs as if fully set forth herein.

73.     Defendants falsely advertise on Amazon.com that Vitalena "ACV" Gummies and Maxibears "ACV" Gummies do not contain BHB, when in fact, they do contain BHB, as evidenced by the ingredient labels for the physical products.

74.     Plaintiff is a direct competitor of Defendants in the dietary supplements market and specifically for BHB and ketone supplements.

75.     On information and belief, Defendants began engaging in this false advertising strategy after Plaintiff successfully petitioned Amazon.com to remove listings for Vitalena BHB Gummies and Maxibears BHB Gummies for infringing the Asserted Patents.

76.     Also on information and belief, Defendants engage in this false advertising strategy in a fraudulent attempt to prevent Plaintiff from learning of their ongoing infringement.

77.     Defendants' advertisements were made across the United States to consumers via Amazon.com.  Defendants' misrepresentations are detrimental and dangerous to consumers who purchase these products expecting different ingredients than what they purchased.  These false advertisements have the potential to deceive a substantial portion of the Defendants' audience because they are prominently displayed in Defendants' advertising and because the evidence on record indicates that consumers are susceptible to this specific false advertising claim.

78.    Plaintiff has suffered harm from Defendants' false advertising and unfair competition in the form of lost profits, diverted sales and market share, and the weakening of Plaintiff's public perception and goodwill.

**FOURTH CLAIM FOR RELIEF**
**False Advertising and Unfair Competition**
**False Raspberry Ketone Advertising**
**15 U.S.C. § 1125(a)**

79.    Plaintiff incorporates and realleges the allegations of all prior paragraphs as if fully set forth herein.

80.    Defendants falsely advertise that Vitalena Raspberry Ketone Gummies and its key ingredient, raspberry ketones, contribute to weight loss.

81.    Displayed prominently in Defendants' advertising are false claims that raspberry ketones contribute to weight loss and have other health benefits.

82.    Plaintiff is a direct competitor of Defendants in the dietary supplements market and specifically for BHB and ketone supplements.

83.    At least given the widespread industry knowledge that raspberry ketones do not contribute to weight loss, Defendants made this claim knowing that it is false and with the intent to deceive consumers to purchase Vitalena Raspberry Ketone Gummies.  These advertisements were made across the United States to consumers via Amazon.com.  This misrepresentation is detrimental and dangerous to consumers who purchase Vitalena Raspberry Ketone Gummies relying on it for health benefits that it does not have.  These false advertisements have the potential to deceive a substantial portion of the Defendants' audience because they are prominently displayed in Defendants' advertising and because the evidence on record indicates that consumers are susceptible to this specific false advertising claim.

84.     Plaintiff has suffered harm from Defendants' false advertising and unfair competition in the form of lost profits, diverted sales and market share, and the weakening of Plaintiff's public perception and goodwill.

**FIFTH CLAIM FOR RELIEF**
**False Advertising and Unfair Competition**
**False Review Advertising**
**15 U.S.C. § 1125(a)**

85.     Plaintiff incorporates and realleges the allegations of all prior paragraphs as if fully set forth herein.

86.     Plaintiff is a direct competitor of Defendants in the dietary supplements market and specifically for BHB and ketone supplements.

87.     On information and belief, Defendants improperly solicit reviews to promote the Accused Products, which constitutes false advertising.

88.     Also on information and belief, Defendants engage in this false advertising strategy to deceive consumers into believing that the Accused Products are of a particular grade or quality, and/or that they have a particular reputation, sponsorship, or approval that in fact they do not have.

89.     Defendants' advertisements were made across the United States to consumers via Amazon.com.  Defendants' misrepresentations are detrimental and dangerous to consumers who purchase the Accused Products expecting a particular grade, quality, reputation, sponsorship, or approval.  These false advertisements have the potential to deceive a substantial portion of the Defendants' audience because they are prominently displayed in Defendants' advertising and because the evidence on record indicates that consumers are susceptible to this specific false advertising claim.

90.     Plaintiff has suffered harm from Defendants' false advertising and unfair competition in the form of lost profits, diverted sales and market share, and the weakening of Plaintiff's public perception and goodwill.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully prays that the Court enter judgment in its favor and award the following relief against Defendants:

A.     A judgment that Defendants infringed the Asserted Patents directly and indirectly by inducement;

B.     A judgment that Defendants falsely advertise that Vitalena "ACV" Gummies and Maxibears "ACV" Gummies do not have BHB;

C.     A judgment that Defendants falsely advertise that Vitalena Raspberry Ketones Gummies and raspberry ketones have qualities and/or benefits which they do not have;

D.     A judgment that Defendants falsely advertise the Accused products by soliciting reviews in exchange for payment;

E.     A judgment that Defendants unfairly competed with Plaintiff

F.     A finding that the Defendants' conduct alleged herein was willful and that this case is exceptional;

G.     An order and judgment enjoining Defendants and their officers, directors, employees, agents, licensees, representatives, affiliates, related companies, servants, successors and assigns, and any and all persons acting in privity or in concert with any of them, from infringing Plaintiff's patents, from unfairly competing with Plaintiff, or from falsely advertising any products;

H.     An award of actual damages in an amount to be determined at trial for patent infringement, false advertising, unfair competition, and deceptive and unfair trade practices.

I.     Disgorgement of Defendants' profits associated with Defendants' false advertising;

J.     Plaintiff's costs and attorneys' fees;

K.     A judgment for treble damages and other punitive damages;

L.     An order and judgment for Defendants to promulgate corrective advertising by the same media and with the same distribution and frequency as the false advertising alleged herein;

M.     Any such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a jury trial on all matters triable to a jury.

DATED April 19, 2024.

Respectfully submitted,

CROWLEY | FLECK

By: /s/ Alaina M. Stedillie
    Alaina M. Stedillie

WORKMAN NYDEGGER

Brian N. Platt (*pro hac vice forthcoming*)
Collin D. Hansen (*pro hac vice forthcoming*)

*Counsel for Plaintiff Axcess Global Sciences, LLC*